**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Manuel Danny GUERRERO,**
**Defendant—Appellant.**

**No. 08–50412.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 4, 2009.*

Filed Sept. 9, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Arnold Dale Blankenship, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Alex Louis Landon, Law Offices of Alex Landon, San Diego, CA, for Defendant–Appellant.

Before: FISHER and GOULD, Circuit Judges, and ENGLAND, District Judge.**

MEMORANDUM ***

Defendant Manuel Danny Guerrero appeals his jury conviction of one count of importation of 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 952 and 960 and 18 U.S.C. § 2; and one count of possession of 500 grams or more of a mixture and substance containing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. He also challenges the district court's imposition of a 240–month sentence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

 The evidence viewed in the light most favorable to the government was sufficient to support Guerrero's conviction on both counts. *See United States v. Norwood,* 555 F.3d 1061, 1065 (9th Cir.2009). The codefendant's testimony establishing that Guerrero was aware of the plan to import the drugs in the car registered to Guerrero was not facially incredible and was partially corroborated by independent evidence that Guerrero and the codefendant had entered the country in the car on several other occasions. *See United States v. Yossunthorn,* 167 F.3d 1267, 1270 (9th Cir.1999) ("Because the witnesses' testimony was not incredible on its face, and was, in fact, corroborated [by independent evidence], [defendant's] conspiracy conviction must be affirmed."). Although the codefendant had credibility issues, the "jury was aware of the [codefendant's] involvement in the scheme as well as [his] potential biases when it made its credibility finding." *United States v. Tam,* 240 F.3d 797, 806 (9th Cir.2001); *see also id.* ("Absent facial incredibility, it is not our role to question the jury's assessment of witness credibility.").

█ The district court did not clearly err in rejecting Guerrero's request for a minor participant adjustment under U.S.S.G. § 3B1.2(b). Trial testimony established Guerrero transported drugs across the border five times, registered the car used to smuggle the drugs and allowed it to be modified so drugs could be secreted in the gas tank, often retained possession of that car between smuggling ventures, and interacted directly with the drug suppliers on several occasions. Although someone who acts *solely* as a courier may be entitled to a minor participant adjustment, "we have denied downward adjustments to defendants who were couriers where some *additional* factor showing that they were not a minor or minimal participant[ ] existed." *United States v. Davis,* 36 F.3d 1424, 1436–37 (9th Cir. 1994) (emphasis in original). In light of Guerrero's level of involvement in an ongo-

---

** The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing drug smuggling operation, the district court did not clearly err in denying the minor participant adjustment. *See id.*; *see also United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir.2006) (affirming district court's denial of minor participant adjustment where defendant "went on several drug pick-ups, each of which involved a minimum of a pound of methamphetamine").

The district court did not improperly confuse the standard for determining whether a defendant is a minor participant under U.S.S.G. § 3B1.2(b) with the standard for determining whether a defendant engaged in aberrant behavior under U.S.S.G. § 5K2.20. In context, the district court's references to Guerrero's participation in multiple trips smuggling drugs across the border focused on his level of involvement in the ongoing scheme, a proper consideration for assessing the propriety of a minor participant adjustment. *See Cantrell*, 433 F.3d at 1283.

**AFFIRMED.**